# Supreme Court of Florida

_____

No. SC16-166

_____

**IN RE:  AMENDMENTS TO THE FLORIDA SMALL CLAIMS RULES.**

[September 8, 2016]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Small Claims Rules.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

## BACKGROUND

The Florida Bar's Small Claims Rules Committee (Committee) has filed its regular-cycle report proposing amendments to the Florida Small Claims Rules (Small Claims Rules).  See Fla. R. Jud. Admin. 2.140(b).  The Committee proposes amendments to the following Small Claims Rules: 7.050 (Commencement of Action; Statement of Claim), 7.080 (Service and Filing of Pleadings and Documents Other Than Statement of Claim), 7.090 (Appearance; Defensive Pleadings; Trial Date), and 7.160 (Failure of Plaintiff or Both Parties to Appear).  The Board of Governors of The Florida Bar unanimously approved the proposals.

Consistent with Florida Rule of Judicial Administration 2.140(b)(2), the Committee published the proposed amendments for comment prior to filing them with the Court. No comments were received by the Committee. After the Committee's report was submitted to the Court, the proposed amendments were again published for comment. No comments were received by the Court.

Upon consideration, we adopt the amendments to rules 7.050, 7.090, and 7.160 as proposed by the Committee. We adopt modified amendments to rule 7.080, as further explained below.

## AMENDMENTS

### Rule 7.050

Rule 7.050 is amended to correct a mistaken cross-reference. Currently subdivision (e) of rule 7.050 includes a reference to rule 7.050(d) (Memorandum on Hearing Date); however, the correct reference should be to rule 7.090(b) (Notice to Appear; Pretrial Conference) which addresses pretrial conferences. Thus, the last line of subdivision (e) is amended to correct this error.

### Rule 7.080

The Committee proposes amendments to rule 7.080(b). The Committee indicates that its proposed amendments are meant to address e-mail service for parties not represented by an attorney. Service on and by parties not represented

by an attorney is expressly addressed by Florida Rule of Judicial Administration 2.516(b)(1)(C), which provides:

> (C) Service on and by Parties Not Represented by an Attorney. Any party not represented by an attorney may serve a designation of a primary e-mail address and also may designate no more than two secondary e-mail addresses to which service must be directed in that proceeding by the means provided in subdivision (b)(1) of this rule. If a party not represented by an attorney does not designate an e-mail address for service in a proceeding, service on and by that party must be by the means provided in subdivision (b)(2) of this rule.

Subdivision (b)(1) of rule 2.516 describes service by e-mail and e-service through the Florida Courts E-filing Portal. Subdivision (b)(2) of rule 2.516 sets forth service "by other means," including service by mail, by hand delivery to an attorney's or party's office, and by faxing to an attorney's or party's office.

The Committee's proposal would divide subdivision (b) of rule 7.080 into two new subdivisions (b)(1) and (b)(2), addressing service when a party is represented by an attorney and when a party is unrepresented, respectively. However, we are concerned that, as proposed, the amendments do not appear to provide sufficiently clear guidance and may be confusing, especially for pro se parties who will likely be involved in small claims matters. Accordingly, we amend rule 7.080(b) to simply incorporate the provisions of Florida Rule of Judicial Administration 2.516 governing service by e-mail as follows:

> **(b)    How Made.** When a party is represented by an attorney, service of papers other than the statement of claim and notice to

appear shall be made on the attorney unless the court orders service to be made on the party. ~~When an attorney is serving another attorney,~~ ~~s~~Service on an attorney or a party not represented by an attorney must be made in compliance with ~~the~~ Florida Rule~~s~~ of Judicial Administration 2.516. ~~In all other instances, service must be made by delivering the paper to the party or the party's attorney, as the case may be, or by mailing it to the party's last known address.~~

We adopt other amendments to rule 7.080 as proposed by the Committee. Current subdivision (d) provides that the filing of documents is made by filing them with the clerk, except that a judge may permit documents to be filed with the judge, in which case the judge must note thereon the filing date and transmit them to the clerk, who must file them as of the same day they were filed with the judge. Additionally, it provides that parties represented by an attorney must file documents in compliance with the electronic filing (e-filing) requirements of the Florida Rules of Judicial Administration; parties not represented by an attorney "may file documents in compliance with the e-filing requirement if permitted by the Florida Rules of Judicial Administration." This subdivision is amended to add a specific reference to Florida Rule of Judicial Administration 2.525 in the sentence pertaining to filing by parties represented by an attorney.

Finally, current subdivision (e) of rule 7.080 provides language for a certificate of service as follows: "I hereby certify that a copy hereof has been furnished to (here insert name or names and address or addresses) by (delivery)(mail)(e-mail if an attorney) on …date…." In contemplation of

unrepresented parties participating in e-mail service, this language is amended to delete the words "if an attorney" after the word "e-mail."

**Rule 7.090**

Rule 7.090 is amended to address concerns regarding "non-served" parties. According to the Committee's report, in several Florida counties, plaintiffs are required to attend the pretrial conference even when there is verified non-service of the defendant e-filed with the court. In those counties, if a plaintiff fails to attend the pretrial conference, the court dismisses the case. To address this issue, subdivision (a) (Appearance) is amended to state that the requirement that a party appear at the pretrial conference is subject to the notice provisions in subdivision (b) (Notice to Appear; Pretrial Conference). Subdivision (b) (Notice to Appear; Pretrial Conference) is also amended to create an exception when a return of non-service is filed at least five days prior to a pretrial conference. In that instance, the court would be required to cancel the pretrial conference as to any non-served party. The plaintiff is then provided the opportunity to request a new summons, along with a new initial appearance date for a pretrial conference. These amendments are intended to protect the due process rights of parties who have not been properly served and create uniformity among the courts by putting guidelines in place that do not currently exist.

Finally, subdivisions (d) (Trial Date) and (f) (Appearance at Mediation; Sanctions) are rephrased for grammatical purposes.

**Rule 7.160**

Rule 7.160 is amended to include references to rule 7.090(b) (Notice to Appear; Pretrial Conference). Specifically, the phrase "subject to rule 7.090(b)" is added to the end of subdivisions (a) (Plaintiff) and (b) (Both Parties) to make it clear that a non-served party is entitled to have a pretrial conference rescheduled if the return of service showing non-service is filed 5 days before the pretrial conference.

**CONCLUSION**

Accordingly, we amend the Florida Small Claims Rules as reflected in the appendix to this opinion. New language is underlined; deleted language is struck-through. The amended rules shall become effective January 1, 2017, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Florida Small Claims Rules Committee

Alison Verges Walters, Chair, Florida Small Claims Rules Committee, Kelley Kronenberg Attorneys at Law, Tampa, Florida; Andrew J. Daire, Past Chair, Florida Small Claims Rules Committee, Boca Raton, Florida; John F. Harkness,

Jr., Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**RULE 7.050.**       **COMMENCEMENT OF ACTION; STATEMENT OF CLAIM**

**(a) – (d)**      [No change]

**(e)**     **Replevin.** In those replevin cases to which these rules are applicable, the clerk of the county court shall set the hearing required by section 78.065(2)(a), Florida Statutes, (prejudgment replevin order to show cause hearings) and rule ~~7.050(d)~~7.090(b) (pretrial conferences) at the same time.

**Committee Notes**

[No change]

**Court Commentary**

[No change]

**RULE 7.080.**       **SERVICE AND FILING OF PLEADINGS AND DOCUMENTS OTHER THAN STATEMENT OF CLAIM**

**(a)**      [No change]

**(b)**     **How Made.** When a party is represented by an attorney, service of papers other than the statement of claim and notice to appear shall be made on the attorney unless the court orders service to be made on the party. ~~When an attorney is serving another attorney, s~~Service <u>on an attorney or a party not represented by an attorney</u> must be made in compliance with ~~the~~ Florida Rules of Judicial Administration <u>2.516</u>. ~~In all other instances, service must be made by delivering the paper to the party or the party's attorney, as the case may be, or by mailing it to the party's last known address.~~

**(c)**      [No change]

**(d)**     **Filing with the Court Defined.** The filing of documents with the court as required by these rules is made by filing them with the clerk, except that the judge may permit the documents to be filed with the judge, in which event the judge shall note thereon the filing date and transmit them to the clerk, and the clerk shall file them as of the same date they were filed with the judge. Parties

represented by an attorney must file documents in compliance with the electronic filing (e-filing) requirements set forth in rule 2.525 of the Florida Rules of Judicial Administration. Parties not represented by an attorney may file documents in compliance with the e-filing requirement if permitted by the Florida Rules of Judicial Administration.

**(e)    Certificate of Service.**

(1)    When any party or attorney in substance certifies:

"I certify that a copy hereof has been furnished to (here insert name or names and address or addresses) by (delivery) (mail) (e-mail ~~if an attorney~~) on .....(date)......

_____
Party or party's attorney"

the certificate is prima facie proof of such service in compliance with all rules of court and law.

(2)    When any paper is served by the clerk, a docket entry shall be made showing the mode and date of service. Such entry is sufficient proof of service without a separate certificate of service.

**(f)**    [No change]

## Court Commentary

[No change]

**RULE 7.090.        APPEARANCE; DEFENSIVE PLEADINGS; TRIAL DATE**

**(a)    Appearance.** On the date and time appointed in the notice to appear, the plaintiff and defendant shall appear personally or by counsel, subject to subdivision (b).

**(b)    Notice to Appear; Pretrial Conference.** The summons/notice to appear shall specify that the initial appearance shall be for a pretrial conference. The initial pretrial conference shall be set by the clerk not more than 50 days from the date of the filing of the action. In the event the summons/notice to appear is

non-served and the return of service is filed 5 days before the pretrial conference, the pretrial conference shall be canceled by the court as to any non-served party. The plaintiff may request a new summons/notice to appear and include a new initial appearance date for the pretrial conference. The pretrial conference may be managed by nonjudicial personnel employed by or under contract with the court. Nonjudicial personnel must be subject to direct oversight by the court. A judge must be available to hear any motions or resolve any legal issues. At the pretrial conference, all of the following matters shall be considered:

      (1)    The simplification of issues.

      (2)    The necessity or desirability of amendments to the pleadings.

      (3)    The possibility of obtaining admissions of fact and of documents that avoid unnecessary proof.

      (4)    The limitations on the number of witnesses.

      (5)    The possibilities of settlement.

      (6)    Such other matters as the court in its discretion deems necessary.

Form 7.322 shall and form 7.323 may be used in conjunction with this rule.

**(c)**    [No change]

**(d)**    **Trial Date.** The court shall set the case for trial not more than 60 days from the date of the pretrial conference. Notice of Aat least 10 days' notice of the time of trial shall be given. The parties may stipulate to a shorter or longer time for setting trial with the approval of the court. This rule does not apply to actions to which chapter 51, Florida Statutes, applies.

**(e) – (g)**  [No change]

**Committee Notes**

[No change]

- 10 -

**Court Commentary**

[No change]

**RULE 7.160.    FAILURE OF PLAINTIFF OR BOTH PARTIES TO APPEAR**

**(a)    Plaintiff.** If plaintiff fails to appear on the initial appearance date (pretrial conference), or fails to appear at trial, the action may be dismissed for want of prosecution, defendant may proceed to trial on the merits, or the action may be continued as the judge may direct, subject to rule 7.090(b).

**(b)    Both Parties.** If both parties fail to appear, the judge may continue the action or dismiss it for want of prosecution at that time or later as justice requires, subject to rule 7.090(b).